Per Curiam.
The terms of the employment of the plaintiff'were fixed by the letter of the 2d of November,
1881, written by the superintendent of the defendants to the plaintiff. By that letter it is apparent that it was the understanding of the parties that in case the plaintiff satisfactorily fulfilled his duties during the term of three months, that his employment should continue for a year at a salary of $1,000.
It appears, from the record, that after the plaintiff had .served for the three months his employment was continued. This was evidence that* his services were satisfactory and liad been accepted as such; and that the defendants allowed Mm to enter upon his yearly employment.
Such being the case, the defendants had no right to dismiss him until the expiration of the year, unless for good cause. No such good cause being shown by the record before the court, the plaintiff was entitled to recover judgment for the balance of the year’s salary succeeding his discharge.
He, however, has been permitted to recover for the balance of a year, commencing on the 1st day of February,
1882, upon the theory that the yearly employment commenced after the expiration of the three months mentioned in the letter of November 1, 1881.
We think that this recovery was too large by the amount óf the salary for the last three months, and that amount should be deducted from the recovery.
*360 The judgment should, therefore, be reversed unless the plaintiff stipulates to reduce the judgment by the sum of $250 and interest, in which case it should be affirmed for balance without costs to either party.